**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| S&G Elite LLC, | No. CV-25-00037-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| ST National Franchising LLC, et al., | |
| Defendants. | |

On January 27, 2025, Plaintiff S&G Elite, LLC filed a Verified Complaint (Doc. 1) and an Application for Temporary Restraining Order and Request for an Order to Show Cause Why Preliminary Injunction Should Not Be Issued (Doc. 2). Plaintiff asks the Court to enter a temporary restraining order without notice enjoining Defendants ST National Franchising, LLC and Tamica Lachelle Goree (a.k.a. Tamica Landaeta) from "taking any action related to the [parties'] Franchise Agreement, including, but not limited to, termination and removal of funds from Plaintiff's accounts via ACH request and transfer." (Doc. 2 at 1.)

A temporary restraining order may be issued without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "Every temporary restraining order issued without notice must .

1  . . describe the injury and state why it is irreparable[, and] state why the order was issued
2  without notice." Fed. R. Civ. P. 65(b)(2).

3  Here, Plaintiff's attorney has not certified in writing any efforts made to give
4  notice to Defendants and the reasons why notice should not be required.  *See* Fed. R. Civ.
5  P. 65(b)(1); *see also Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th
6  Cir. 2006) (noting that issuance of an ex parte TRO is appropriate only in very few
7  circumstances, such as when an adverse party cannot be located in time for a hearing or
8  when a movant shows that the adverse party has a history of disposing of evidence or
9  violating court orders).  Accordingly, Plaintiff has not met the requirements under
10 Federal Rule of Civil Procedure 65(b)(1) for issuance of a temporary restraining order
11 without notice.  The Court will deny without prejudice Plaintiff's Application for
12 Temporary Restraining Order to the extent it requests issuance of a temporary restraining
13 order without notice to Defendants.

14 The Court will set an expedited hearing on Plaintiff's Application for Temporary
15 Restraining Order and order expedited service on Defendants.

16 **IT IS ORDERED** that Plaintiff's Application for Temporary Restraining Order
17 (Doc. 2) is **partially denied** to the extent it seeks issuance of a temporary restraining
18 order without written or oral notice to Defendants, and is otherwise **taken under**
19 **advisement**.

20 **IT IS FURTHER ORDERED** that a hearing on Plaintiff's Application for
21 Temporary Restraining Order is scheduled for **February 6, 2025, at 11:50 a.m.**, before
22 the Honorable Rosemary Márquez, in Courtroom 5A of the United States District Court
23 for the District of Arizona, Evo A. DeConcini U.S. Courthouse, 405 W. Congress Street,
24 Tucson, AZ 85701.
25 . . . .
26 . . . .
27 . . . .
28 . . . .

**IT IS FURTHER ORDERED** that Plaintiff shall serve Defendants with the Summons (Doc. 4), Verified Complaint (Doc. 1), Application for Temporary Restraining Order and Request for an Order to Show Cause Why Preliminary Injunction Should Not Be Issued (Doc. 2), and a copy of this Order on or before **February 2, 2025**. Defendants may file a response to Plaintiff's Application for Temporary Restraining Order and Request for an Order to Show Cause Why Preliminary Injunction Should Not Be Issued (Doc. 2) on or before **February 5, 2025**.

Dated this 29th day of January, 2025.

_____
Honorable Rosemary Márquez
United States District Judge