**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| S&G Elite LLC, | No. CV-25-00037-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| ST National Franchising LLC and Tamica Lachelle Goree, | |
| Defendants. | |

On January 27, 2025, Plaintiff S&G Elite, LLC filed a Complaint against Defendants ST National Franchising, LLC and Tamica Lachelle Goree, a.k.a. Tamica Landaeta. (Doc. 1.) Plaintiff simultaneously filed an Application for Temporary Restraining Order and Request for Order to Show Cause Why Preliminary Injunction Should Not Be Issued. (Doc. 2.)

In a January 29, 2025 Order, the Court denied Plaintiff's request to issue a temporary restraining order without notice to Defendants upon finding that Plaintiff had not certified in writing any efforts made to give notice to Defendants, as required by Federal Rule of Civil Procedure 65(b)(1)(B). (Doc. 9.) The Court directed Plaintiff to serve Defendants with a copy of the Order, Summons, Complaint, and Motion for Temporary Restraining Order. (*Id.*) The Court set a hearing on the Motion for Temporary Restraining Order on February 6, 2025, at which both parties presented oral argument. (*Id.*; Doc. 19.)[1]

---

[1] On February 5, 2025, Defendants filed a Motion to Transfer Venue and to Stay Proceeding Pending Resolution of Motion to Transfer. (Doc. 17.) At the February 6,

## I.    Background

Plaintiff S&G Elite, LLC operates a franchise location of "The Mail Center" in Tucson, Arizona, pursuant to a Franchise Agreement with Defendant ST National Franchising, LLC.  (Doc. 1 at ¶¶ 11-12; Doc. 18.)  Plaintiff alleges that Defendants fraudulently induced it into signing the Franchise Agreement by misrepresenting ST National's reputation and financial stability, and the expected costs and profitability of the franchise.  (Doc. 1. at ¶¶ 20-28.)  Plaintiff further contends that after executing the agreement, Defendants engaged in bad faith conduct, including failing to provide financial reconciliations for funds expended on required tenant improvements, imposing unauthorized charges, and making repeated unauthorized electronic money withdrawals from Plaintiff's accounts.  (*Id.* at ¶¶ 29-39, 45-46.)  Plaintiff alleges that, due to Defendants' actions, it has suffered losses of approximately $700,000, with damages still accruing.  (*Id.* at ¶¶ 47-49.)  On January 24, 2025, Defendants issued a termination letter to Plaintiff, alleging breaches of the Franchise Agreement and demanding that Plaintiff cease operations.  (*Id.* at ¶¶ 50-54.)

In its Application for a Temporary Restraining Order, Plaintiff argues that immediate injunctive relief is necessary to prevent irreparable harm.  (Docs. 2, 2-1.)  Plaintiff asserts that Defendants have access to its business accounts and have already made unauthorized electronic withdrawals.  (Doc. 2-1 at 2.)  It warns that further unauthorized withdrawals could be imminent.  (*Id.*)  Plaintiff also raises concerns about Defendants' efforts to terminate the Franchise Agreement. (*Id.*)  Finally, it alleges that Defendants have entered its business without authorization and begun shutting down key programs.  (*Id.*)

In response, Defendants argue that a temporary restraining order is unwarranted because the Franchise Agreement expressly permits the alleged electronic money withdrawals and termination of the Agreement for cause.  (Doc. 16 at 5.)  They argue that

2025 hearing, the Court ordered Plaintiff to respond to the Motion to Transfer within seven days.  (*See* Doc. 19.)

Plaintiff's claims are barred by the contract's integration clause and that any alleged harm is purely financial and compensable through damages.  (Doc. 16 at 2.)  Defendants further contend that granting a temporary restraining order would unfairly alter the status quo by forcing them to continue an unwanted business relationship.  (*Id.*)

## II.    Legal Standard

The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction.  *Beaty v. Brewer*, 791 F. Supp. 2d 678, 681 (D. Ariz. 2011).  "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008).  A plaintiff seeking a preliminary injunction must show (1) that it is likely to succeed on the merits, (2) that it is likely to suffer irreparable harm in the absence of a preliminary injunction, (3) that the balance of equities tips in its favor, and (4) that an injunction is in the public interest.  *Id.* at 20.

## III.    Discussion

Upon review of Plaintiff's Complaint, Motion for Temporary Restraining Order, and the attachments thereto, and based on the averments of counsel at the February 6, 2025 hearing, the Court finds that Plaintiff has raised serious questions going to the merits of its claims of fraudulent inducement, breach of contract, and breach of the covenant of good faith and fair dealing.  *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (holding that "serious questions going to the merits" and a hardship balance that tips sharply toward the plaintiff may support a preliminary injunction if all four *Winter* prongs are established).  At the motion hearing, Defendants primarily relied on the Franchise Agreement's integration clause to argue that Plaintiff's claims—including those related to unauthorized money withdrawals and the unjustified shutting down of business operations—are barred.  However, Plaintiff correctly pointed out that accepting this argument would effectively preclude any fraudulent inducement claim.

. . . .

The balance of hardships tips sharply in Plaintiff's favor.  *See id*.  If the temporary restraining order is denied, Plaintiff risks closing its business pursuant to Defendants' Termination Letter and suffering long-term financial and reputational damage.  In contrast, Defendants will only be required to maintain the status quo during litigation.  Defendants argue that a temporary restraining order would force them to continue an unwanted business relationship.  However, the potential for severe harm to Plaintiff outweighs any inconvenience to Defendants.

Furthermore, Plaintiff has shown a likelihood of irreparable harm if injunctive relief is not granted.  Plaintiff alleges that Defendants have imposed unauthorized fees, made improper withdrawals, and recently demanded that Plaintiff cease operating the Mail Center.  The immediate risk of closure, severe financial hardship, and reputational damage justifies injunctive relief.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001) ("Evidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm.").

Finally, the Court finds that the public interest favors issuing a temporary restraining order.  In this case, preventing the unfair termination of the Franchise Agreement and maintaining stability during litigation benefits both business owners and the public.

Based on the foregoing, the Court finds that a temporary restraining order is warranted.  Accordingly, the Court will grant Plaintiff's request for a temporary restraining order, as set forth below. At this time, the Court will decline without prejudice Plaintiff's request for an Order to Show Cause requiring Defendants to demonstrate why a preliminary injunction should not be issued.  (*See* Doc. 1 at 1-2.)

Under Federal Rule of Civil Procedure 65(c), the Court may only issue injunctive relief "if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  However, a district court has the discretion to set a bond amount of zero "if there is no evidence the [defendants] will suffer damages from

the injunction." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003).  Because Defendants have failed to request a bond or submit any evidence regarding the potential harm that would result from the Court's issuance of temporary injunctive relief, the Court declines to require a bond at this time.

**IT IS ORDERED** that Plaintiff's Application for Temporary Restraining Order and Request for Order to Show Cause Why Preliminary Injunction Should Not Be Issued (Doc. 2) is **granted in part and denied in part**, as follows:

1. Plaintiff's Motion for Temporary Restraining Order is **granted** to the extent that the Court issues the injunctive relief set forth below.

2. Plaintiff's request that this Court issue an Order to Show Cause as to why a preliminary injunction should not be issued is **denied**.

**IT IS FURTHER ORDERED** that, pending resolution of Defendants' Motion to Transfer Venue and to Stay Proceeding Pending Resolution of Motion to Transfer (Doc. 17), Defendants and their employees, officers, agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and all persons acting in concert with them, are enjoined from engaging in, committing, or performing, directly and indirectly, the following:

1. Taking any action related to the parties' Franchise Agreement, including, but not limited to, terminating the Franchise Agreement;

2. Removing, withdrawing, transferring, assigning, or in any other manner dissipating funds from Plaintiff's accounts; and

3. Taking any other actions that would interfere with Plaintiff's operation of its franchise or prevent Plaintiff from maintaining the status quo pending resolution of this matter.

**IT IS FURTHER ORDERED** that no bond shall be required to be posted by Plaintiff pursuant to Federal Rule of Civil Procedure 65(c).

**IT IS FURTHER ORDERED** that the setting of a preliminary injunction hearing is deferred pending resolution of Defendants' Motion to Transfer.

. . . .

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IT IS FURTHER ORDERED** that Defendants' Motion to Transfer Venue and to Stay Proceedings Pending Resolution of Motion to Transfer (Doc. 17) is **partially denied** to the extent the Court declines to stay resolution of Plaintiff's Application for Temporary Restraining Order.  The Motion (Doc. 17) is **taken under advisement** in all other respects.  Plaintiff must respond to Defendants' Motion to Transfer Venue and to Stay Proceeding Pending Resolution of Motion to Transfer (Doc. 17) on or before **February 13, 2025**.  No reply will be permitted absent further Order of the Court.

Dated this 10th day of February, 2025.

Honorable Rosemary Márquez
United States District Judge